IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01419-REB-MEH

KERMAN-RAY CARR, and
PRISCILLA-DENISE CARR,

    Plaintiffs,

v.

FERKAM, INC. d/b/a Extreme Towing and Recovery,

    Defendant.

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte* due to Plaintiffs' failure to appear at the Status Conference held on September 3, 2015 [*see* docket #17] and failure to respond to this Court's Order to Show Cause by September 18, 2015 as ordered [*see* docket #19]. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

The Plaintiffs originated this action on July 2, 2015, and are proceeding *pro se*. Docket # 1. On July 6, 2015, the Court set the Scheduling Conference in this case for September 3, 2015; however, on August 27, 2015, the Court noted that the Defendant had not been served, so it converted the Scheduling Conference to a Status Conference. *See* docket #13.

On September 2, 2015, Plaintiffs filed a "Notice Re: Pre-Scheduling & Scheduling Conference Meeting(s)," docketed on September 3, 2015, stating as follows:

> Claimants have not yet summoned the Defendant due to problems we discovered in the initial Claim. Claimants are in the process of amending said Claim and will properly summon Defendant within the time frame [sic] set forth in FRCP 4(m). Therefore, the scheduling of the conference(s) [are] to be postponed until after answer is filed by Defendant.

Plaintiffs' Notice, docket #16 at 1. The Plaintiffs then did not appear for the September 3, 2015 status conference. This Court issued an Order directing the Plaintiffs to show cause by September 18, 2015, as to why the Plaintiffs should not be sanctioned for their failure to appear at the Status Conference despite having demonstrated their notice of the hearing, as evidenced by the September 2, 2015 "notice" they filed with the Court. *See* dockets #16, 19. In the Order to Show Cause, the Court explained to Plaintiffs that parties (whether *pro se* or represented by counsel, and whether individuals, corporations or government entities) have no authority to cancel or alter the Court's calendar and must appear for court-ordered settings unless granted permission not to appear *in advance*. *See* docket #19.

The Court also notes the history of alleged problems reaching Plaintiffs at the address they provided the Court:

- The Clerk of the Court mailed to Plaintiffs the Magistrate Judge Consent Form, which was returned as undeliverable July 13, 2015. *See* docket #6.

- The Clerk mailed to Plaintiffs the Minute Order Setting Scheduling Conference, which was returned as undeliverable July 13, 2015. Docket #7.

- Plaintiffs then appeared at the Clerk's Office and filed a Notice of Proper Mailing Address (*see* docket #8), resulting in this Court directing the Clerk to resend the previously returned materials to Plaintiffs and to note the correction for future mailings. The Notice omitted the zip code from the correct mailing address, but the Clerk's Office corrected the omission on all future mailings. The Clerk's Office mailed the previously returned materials to the Plaintiffs, but they were returned marked "undeliverable" on August 6, 2015. *See* dockets ##11, 12.

- Despite the corrected address, an August 27, 2015 mailing of a Minute Order converting the Scheduling Conference to a Status Conference to be held September 3, 2015 was returned "undeliverable" September 9, 2015. *See* dockets ## 13, 24.

- Despite the returned mail regarding the September 3, 2015 Status Conference, Plaintiffs appeared in person at the Clerk's Office on September 2, 2015, and filed a Notice, apologizing for "the last minute notice" and saying that they would not be appearing at the conference. *See* docket #16. The Plaintiffs also declined consent jurisdiction at that time, evidencing their notice of the minute order concerning consent. *See* docket #15.

- The Court held the Status Conference at which Plaintiffs failed to appear. The Clerk mailed the minutes of that conference to Plaintiffs on September 3, 2015 [*see* docket #18], which was returned undeliverable on October 2, 2015 – one month after it was mailed [*see* docket #25].

- On September 3, 2015, the Clerk also separately mailed two items to Plaintiffs: the notice of reassignment of the case to District Judge Robert E. Blackburn, and this Court's Order to Show Cause for Plaintiffs' failure to appear. *See* docket #22. Both items were returned as undeliverable on October 5, 2015, again more than one month after they were mailed to Plaintiffs, and again with handwritten rejections noting "return to sender" and "not deliverable as addressed" [*see* docket #26].

## **DISCUSSION**

By Order of this Court, Plaintiffs' response to the Order to Show Cause was due to be filed on or before September 18, 2015. As noted previously, no response was filed. Additionally, there

3

has been no request for an extension of time within which to file a response.  Furthermore, the Plaintiffs have failed to serve Defendant.  Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant.  *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009).  The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiffs' lack of cooperation and diligence in this case, lack of response to this Court's orders, and failure to participate has interfered with the judicial process in that the Court has held a conference at which the Plaintiffs refused to attend, and has been unable to issue a complete Scheduling Order in this case. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiffs have provided no justification for their failures to respond to two Court orders – to appear at the Status Conference and to respond to the Order to Show Cause – and to participate in the litigation. The Court notes that their culpability is evident by their having received word of Court orders and acting on them, such as appearing in person at the Clerk's office with a typewritten document apologizing for the late notice to cancel the conference scheduled for the next day, and documents providing notice of said conference then being returned with a handwritten notation, "undeliverable as addressed," and a stamp indicating "unable to forward." *See, e.g.*, docket #24.

Plaintiffs were warned in the Order to Show Cause that the Court would recommend dismissal for their failure to prosecute; yet, they have made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiffs have

essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

Plaintiffs appear to have abandoned their claims in this matter. They have failed to prosecute the case with due diligence by their failures to participate in the Status Conference and failure to respond to this Court's Order to Show Cause. For these reasons alone, dismissal of this action against the Defendant is warranted. Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully **recommend** that the District Court dismiss this case with prejudice for Plaintiffs' failure to prosecute this action.

Dated at Denver, Colorado this 8th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge