**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01419-REB-MEH

KERMAN-RAY CARR, and
PRISCILLA-DENISE CARR,

    Plaintiffs,

v.

FERKAM, INC. d/b/a Extreme Towing and Recovery, et al.

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#27],[1] filed October 8, 2015. No objections having been filed to the recommendation, I review it only for plain error. *See **Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).*[2] Finding no such error in the magistrate judge's recommended disposition, I find and conclude that recommendation should be approved and adopted and that this case should be

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiffs are proceeding *pro se* in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. In addition, because plaintiffs are proceeding *pro se*, I have construed their pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).*

dismissed for failure to prosecute.

The magistrate judge recommends that this lawsuit be dismissed with prejudice as a sanction for plaintiffs' failure to comply with the duly issued orders of the court and failure to prosecute this action.  The magistrate judge thoroughly considered all the relevant factors required under **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992).  Although dismissal with prejudice is an extreme sanction, the circumstances chronicled in the magistrate judge's recommendation indisputably demonstrate a "clear record of delay [and] contumacious conduct" warranting the imposition of such a penalty.  **Meade v. Grubbs**, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988).

Given plaintiffs' clear pattern of unjustified failure to participate appropriately in the conduct of this litigation or to respond to the duly issued orders of the court, I concur with the magistrate judge that dismissal with prejudice is appropriate.  In so concluding, I am not unaware that some three weeks after the magistrate judge issued his recommendation (and without having filed any objection or other response thereto), plaintiffs filed and apparently served an amended complaint.  That action, however, does not adequately explain, much less excuse, their past failures to prosecute their claims or respond to the duly issued orders of the court.  Indeed, mail addressed to plaintiffs continues to be returned to the court as undeliverable even as recently as last week, *see*  [## 33 & 34].  This course of events indicates to the court that plaintiffs are either incapable or unwilling to conform to the rules of conduct and procedure that govern the prosecution of claims in this court.  Dismissal with prejudice therefore remains an appropriate sanction

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#27], filed October 8, 2015, is approved and adopted as an order of this court;

2. That plaintiff's claims against defendants are dismissed with prejudice as a sanction for failure to comply with the duly issued orders of the court and failure to prosecute;

3. That judgment with prejudice shall enter on behalf of defendants, Ferkam Inc. d/b/a Extreme Towing & Recovery; Fereidoon Samimi; Randy Barnes; and Brandon (#09), against plaintiffs, Kerman-Ray Carr and Priscilla-Denise Carr, as to all claims for relief and causes of action asserted in this action; and

4. That this case is closed.

Dated November 25, 2015, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge