**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01419-REB-MEH

KERMAN-RAY CARR, and
PRISCILLA-DENISE CARR,

    Plaintiffs,

v.

FERKAM, INC. d/b/a Extreme Towing and Recovery, et al.

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

    The matter before me is **Claimants** [*sic*] **Move the Court To Reconsider** [#44],[1] filed February 22, 2016, which I construe as a motion for relief from judgment under Rule 60(b)[2] or more generally as a motion to reconsider my **Order Adopting Recommendation of the United States Magistrate Judge** [#36], filed November 25, 2015, pursuant to which I dismissed this case with prejudice as a sanction for failure to comply with the duly issued orders of the court and failure to prosecute. Thus construed, I deny the motion.

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] I note that, as judgment in this case was entered on November 25, 2015 (i.e., more than 28 days from the date of the motion), plaintiffs' request properly is construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Cf.* **FED. R. CIV. P**. 59(e).

Plaintiffs are proceeding *pro se*. Thus, I have construed their pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Plaintiffs claim they have failed to receive mail from the court despite repeated attempts to provide a correct address. Plaintiffs claim their correct mailing address is "c/o WTP Trust, 700 N. Colorado Blvd., #1005, Denver, Colorado." (**See Motion**, Exhs. A & B.) This is the same address reflected on the court's docket, with the exceptions that (1) the word "North" in the street address was spelled in full; (2) the word "Colorado" was abbreviated to the appropriate United States Postal identifier, "CO"; and (3) a zip code was appended.

Taking this representation initially at face value, Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from judgment. **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Id*. at 1243-44. None of these six bases is implicated by the assertions stated in plaintiffs' motion.

However, reading between the lines of the motion and appended exhibits, and making reasonable inferences therefrom, it appears that plaintiffs' purported failure to receive mailings from the court is most likely attributable to a deliberate campaign on

their part to refuse such mail.  The motion and exhibits make clear that plaintiffs' failure to provide a zip code when reciting their address was intentional. Further, plaintiffs believe it is error for the court to have used the abbreviated state identifier (*i.e.*, "CO") in sending mail to them.  (***See* Motion** at 2 (confirming that plaintiffs "have never included a two (2) letter state identifier or a ZIP Code (outside of brackets) on any of our documents we sent to [defendant] or the court"); *Id.*, Exh. C ¶ 3 (reiterating the address stated above and stating that plaintiffs "have never presented any document to . . . the court in which [they] included a ZIP code outside of brackets or any two digit state code").)[3]  Mail sent to the address using the two-letter state identifier and a zip code has been returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" or "REFUSED," and handwritten notes on some of the returned mail further indicate that there is "No Such Address," or, more forcefully, demand, "Stop Mailing to the Wrong Address!!"  (***See, e.g.***, ## 12, 24, 25, 26, 33, 34, 42, 43.)

      Given that plaintiffs have stated that any mailing to them which includes a zip code and/or uses the two-letter state identifier "will be returned at time of delivery or thereafter (marked 'No such address') and will have the same effect as if you never responded/mailed at all" (*Id.*, Exh. E), the court strongly suspects that it is plaintiffs themselves who are refusing and returning this mail.  (***See also* Motion** at 2 (asserting

---

[3] According to the US Post Office's website, "[a]utomated mail processing machines read addresses on mailpieces from the bottom up and will first look for a city, state, and ZIP Code," and the failure to provide this information can result in the delay or misdirection of mail.  United States Postal Service, ***Business Mail 101, Delivery address*** (available at http://pe.usps.com/businessmail101/addressing/deliveryAddress.htm) (last accessed February 23, 2016).  Moreover, the inclusion of "[a]ny information below the delivery address line (a logo, a slogan, or an attention line) could confuse the machines and misdirect your mail." *Id.*  In several iterations of their address, plaintiffs also include an additional line below the city and state which reads "Non-Domestic."  (*See, e.g.*, **Motion**, Exh. E.)

that "any attempt to mail or deliver mail matter in contravention to our specified address would be . . . returned as no such address or undeliverable . . . with the same effect as if it was never mailed at all and never received by us"); *id.*, Exh. F (highlighting US Postal Service "Mailing Standards" allowing addressees to refuse to accept mail);[4] **Request To Reopen the Time To File an Appeal** [#45], filed February 22, 2016 (providing similarly that "[a]ll future communications must be addressed in this **exact fashion** or it [sic] will be rejected").)  There is no rational, nonfrivolous basis for doing so.  Thus, far from providing justification to vacate the judgment, plaintiffs' motion reaffirms even more strongly the court's previous conclusion that plaintiffs have no intent to comply with the rules of procedure that govern all litigants, including *pro se* litigants, in this court.  The court is not required to countenance such ridiculous gamesmanship and refuses to do so in this instance.

**THEREFORE, IT IS ORDERED** that **Claimants** [*sic*] **Move the Court To Reconsider** [#44], filed February 22, 2016, whether construed as a motion for relief from judgment under Rule 60(b) or as a motion to reconsider more generally, is denied.

Dated February 23, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[4] The US Postal Service's standards for handling and delivering mail create no binding obligation on this court.