**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-01419-REB-MEH

KERMAN-RAY CARR, and
PRISCILLA-DENISE CARR,

    Plaintiffs,

v.

FERKAM, INC. d/b/a Extreme Towing and Recovery, et al,

    Defendants.

## ORDER DENYING MOTION TO FILE OUT-OF-TIME APPEAL

**Blackburn, J.**

The matter before me is plaintiff's **Request To Reopen the Time To File an Appeal** [#45],[1] filed February 22, 2016. I deny the requested relief.[2]

A party seeking to appeal a civil judgment must file a notice of appeal with the clerk of the district court "within 30 days after entry of the judgment or order appealed from." **FED. R. APP. P.** 4(a)(1)(A). The time limits set forth in Rule 4 are "mandatory and jurisdictional." ***Browder v. Director, Department of Corrections of Illinois***, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *see also **Bishop v. Corsentino***, 371 F.3d 1203, 1206 (10th Cir. 2004). The district court may "extend the time to file a

---

[1] "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because plaintiffs are proceeding *pro se*, I have construed their pleadings and papers more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

notice of appeal" if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and demonstrates good cause or excusable neglect for the failure to timely file.  **FED. R. APP. P.** 4(a)(5).  If no notice of appeal is filed before the deadline provided by Appellate Rule 4(a)(1) or any new deadline set pursuant to Rule 4(a)(5), the appellate court lacks jurisdiction to hear the appeal.

Judgment in this case was entered on November 15, 2015 [#37].  Thus, a notice of appeal was due under Appellate Rule 4(a)(1) by December 28, 2015,[3] and a motion to extend that deadline was required to be filed no later than January 27, 2016.  The instant motion was not filed until February 22, 2016.  As the appellate court would lack jurisdiction over any appeal under these circumstances, plaintiffs' motion must be denied.[4]  *See Browder*, 98 S.Ct. at 561 (time limits of Appellate Rule 4 are "mandatory and jurisdictional").

**THEREFORE, IT IS ORDERED** that plaintiff's **Request To Reopen the Time To File an Appeal** [#45], filed February 22, 2016, is denied.

Dated February 23, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] Thirty days from November 25, 2015, was Christmas Day, a federal holiday and a Friday.  The notice of appeal would have been due on the next business day, which was Monday, December 28, 2015.  *See* **FED. R. APP. P.** 26(a)(1)(C).

[4] Even if the motion had been timely filed, plaintiffs have failed to show excusable neglect or good cause for the failure to timely assert their appellate rights.  **FED. R. APP. P.** 4(a)(5)(A)(ii).  As set forth in my **Order Denying Motion To Reconsider** [#46], filed February 23, 2016, plaintiffs' purported failure to receive mailings from the court is a dilemma entirely of their own making and would not support a favorable finding under Appellate Rule 4(a)(5).